**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ERNESTO HURTADO, | No. 12-71916 |
| Petitioner, | Agency No. A027-534-004 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2015**
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul L. Friedman, District Judge for the U.S. District
Court for the District of Columbia, sitting by designation.

1.      Substantial evidence supports the Board of Immigration Appeals' ("BIA") denial of Hugo Hurtado's application for asylum. The BIA properly found that the government's evidence rebutted, on an individualized basis, the specific grounds for Hurtado's fear of future persecution on account of imputed political opinion. *See Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir. 2001). The government submitted two country reports on El Salvador establishing that (1) the civil war ended in 1993, (2) the military has been restructured, and (3) the Farabundo Martí National Liberation Front is now the majority political party. That evidence supports the BIA's determination that fundamentally changed conditions rebutted the presumption of future persecution. *See Singh v. Holder*, 753 F.3d 826, 832–33 (9th Cir. 2014); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003). Substantial evidence also supports the BIA's conclusion that Hurtado did not establish a well-founded fear of persecution from other sources—namely, criminal gangs. The BIA reasonably concluded that Hurtado's testimony established only the "mere prevalence of violence" and not that he would be a particular target.

2.      The BIA did not abuse its discretion in denying Hurtado humanitarian asylum. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). The BIA found that Hurtado is statutorily eligible for such relief due to the severity of his 1985

mistreatment, and took into account the severity of his past persecution. The BIA also considered relevant factors in Hurtado's favor, including his significant family ties and his employment during his 25 years in the United States. *See Gulla v. Gonzales*, 498 F.3d 911, 916, 918–19 (9th Cir. 2007); *Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir. 1995). The BIA nonetheless concluded that Hurtado's record of criminal convictions, stemming from his abuse of alcohol, and his lack of rehabilitation outweigh these favorable factors. That determination was not an abuse of discretion.

**PETITION FOR REVIEW DENIED.**